UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

SAMUEL ROY CONE, III,

    Petitioner,

v.                                          Case No: 5:24-cv-500-WFJ-PRL

SECRETARY, DEPARTMENT OF
CORRECTIONS,

    Respondent.
_____/

**ORDER**

Before the Court is Petitioner Samuel R. Cone, III's Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus. (Doc. 1). Respondent has filed a response asserting that the petition is untimely. (Doc. 7). Petitioner replied. (Doc. 10). Upon careful consideration, the Court finds that Mr. Cone's petition is due to be dismissed.

**BACKGROUND**

On February 13, 2014, Mr. Cone pled guilty to aggravated battery great bodily harm with weapon (Count 1) and attempted second degree murder (Count 2) and was sentenced to 15 years in the Department of Corrections for Count 1 followed by a consecutive term of 10 years of probation for Count 2. *See* Case No. 2013-CF-767 (Marion County, Fla.). Mr. Cone did not appeal.

On February 6, 2019, Mr. Cone filed a motion to correct illegal sentence under Rule 3.800(a), Florida Rules of Criminal Procedure. *See* Case No. 2013-CF-767 at Doc. 179). On March 29, 2019, the motion was stricken due to Mr. Cone's failure to

sign the motion. *See* Case No. 2013-CF-767 at Doc. 183). On July 24, 2019, Mr. Cone filed his second motion to correct illegal sentence under Rule 3.800(a). *See* Case No. 2013-CF-767 at Doc. 189).

On September 9, 2024, Mr. Cone filed his petition in this Court under 28 U.S.C. § 2254. (Doc. 1).

## ANALYSIS

In his petition, Mr. Cone alleges the trial court erred by sentencing him above the guidelines without memorializing a reason for the departure, by assessing a fifty dollar a day cost of incarceration sanction, by sentencing him to uncommitted crimes, and violated double jeopardy. (Doc. 1 at 5–11, 17). Regardless, Respondent contends that Mr. Cone's petition must be dismissed as time-barred under 28 U.S.C. § 2244(d). (Doc. 7 at 2–3). The Court agrees.

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") establishes a one-year statute of limitation governing state prisoners' filings of federal habeas petitions. 28 U.S.C. § 2244(d)(1); *Lawrence v. Florida*, 549 U.S. 327, 331 (2007). The limitations period runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). Notably, though, "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward [this] period of limitation[.]" *Id.* § 2244(d)(2).

### A. The Petition is Untimely

Mr. Cone's judgment and sentences became final on March 15, 2014. *See Gust v. State*, 535 So.2d 642, 643 (Fla. 1st DCA 1998) (holding that when a defendant fails to appeal his conviction or sentence, the judgment and sentence become final upon the expiration of the thirty days for filing an appeal). *See also* Rule 9.140(b)(3), Florida Rules of Appellate Procedure. Under § 2244(d)(1)(A), he had one year from that date, until March 15, 2015, absent any tolling, to file a federal habeas petition.

Pursuant to § 2244(d)(2), the limitations period is tolled during the pendency of Mr. Cone's "properly filed" state collateral proceedings. Petitioner's Rule 3.800(a) motion, filed on July 24, 2019, after the one-year period expired on March 15, 2014. Thus, the motion had no tolling effect. *See Tinker v. Moore*, 255 F.3d 1331, 1333 (11th Cir. 2001) (holding that a state court postconviction petition "that is filed following the expiration of the federal limitations period 'cannot toll that period because there is no period remaining to be tolled.'") quoting *Webster v. Moore*, 199 F.3d 1256, 1259 (11th Cir. 2000)). Thus, the federal habeas petition, filed on September 9, 2024, is untimely.

### B. Equitable Tolling is Not Warranted

A habeas petitioner is "entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010) (internal quotation and citation omitted). The petitioner bears the burden of

proving circumstances that justify the application of equitable tolling. *Lugo v. Sec'y, Fla. Dep't of Corr.*, 750 F.3d 1198, 1209 (11th Cir. 2014) (citation omitted). A petitioner "must plead or proffer enough facts that, if true, would justify an evidentiary hearing on the issue." *Id*. (internal quotation and citation omitted). The allegations supporting equitable tolling must be specific and not conclusory. *Id.* (citation omitted). Because equitable tolling is an "extraordinary remedy," it is "limited to rare and exceptional circumstances and typically applied sparingly." *Hunter v. Ferrell*, 587 F.3d 1304, 1308 (11th Cir. 2009) (internal quotation and citation omitted).

In his Reply, Mr. Cone claims he "was unable to dilengenty [sic] pursue legal proceedings" due to multiple hospital admissions in the months following his plea agreement. (Doc. 10 at 1). He includes medical records and a timeline covering the time period from April 7, 2014 to January 5, 2015. *Id*. During that nine-month period, he spent approximately four months at Department of Corrections medical facilities and 5 months in standard custody. Even if he was unable to pursue his rights during those nine plus months, more than two months of the one-year period remained. Further, Mr. Cone did not file anything in his state case until February 6, 2019, more than 4 years after his alleged unavailability. Thus, he has failed to establish that he has been pursuing his rights diligently and has not shown entitlement to equitable tolling.

### C. Fundamental Miscarriage of Justice Exception Not Warranted

A petitioner's actual innocence, if proved, allows a court to review the petitioner's untimely § 2254 petition. *McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013). In his reply, Mr. Cone seeks to apply the fundamental miscarriage of justice exception

4

due to "constitutional errors and blatant miscarriage of justice by the state courts, showing evidence that, but for the constitutional error no reasonable judge or jury would have imposed the sentence that the Petitioner received." (Doc. 10 at 2). To the extent that Mr. Cone attempts to invoke the fundamental miscarriage of justice exception to the time bar, he fails to show that the exception applies.

To prove his actual innocence, Mr. Cone must establish that in the light of new reliable evidence, "no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." *Perkins*, 569 U.S. at 386 (quoting *Schlup v. Delo*, 513 U.S. 298, 329 (1995)). But "tenable" claims of actual innocence "are rare," and the category of cases that satisfies this standard is "severely confined." *Perkins*, 569 U.S. at 386, 394–95. Mr. Cone has not come forward with new, reliable evidence that he is actually innocent of aggravated battery with great bodily harm with a weapon or attempted second degree murder and in light of which no reasonable juror would have convicted him. *See id*. Instead, he argues that his sentence is illegal. (Doc. 10 at 2). Cone's assertion fails to satisfy the fundamental miscarriage of justice exception to the AEDPA limitation period.

## CONCLUSION

Based on the foregoing, Mr. Cone's Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus (Doc. 1) is **DISMISSED** as time-barred. The Clerk is directed to enter judgment in favor of Respondent and against Mr. Cone and close this case.

## Certificate of Appealability

A petitioner does not have absolute entitlement to appeal the denial of his or her habeas petition. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a certificate of appealability ("COA"). *Id*. A COA will issue only if the petitioner makes "a substantial showing of the denial of a constitutional right." *Id*. § 2253(c)(2). Where, as here, a petitioner's claims have been rejected on procedural grounds, the petitioner must show that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Mr. Cone cannot make this showing. Accordingly, Mr. Cone is not entitled to a certificate of appealability. Because he is not entitled to a COA, Mr. Cone is not entitled to appeal in forma pauperis.

**DONE AND ORDERED** at Tampa, Florida on July 21, 2025.

_____
WILLIAM F. JUNG
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel of Record
Petitioner, pro se